Gregory D. Miller
Timothy P. Gonzalez
**RIVKIN RADLER LLP**
25 Main Street
Court Plaza North, Suite 501
Hackensack, New Jersey 07601
Telephone: (201) 287-2460
Facsimile: (201) 489-0495
Gregory.Miller@rivkin.com
Timothy.Gonzalez@rivkin.com

Irfan A. Lateef (admitted *pro hac vice*)
Matthew Pham (admitted *pro hac vice*)
**KNOBBE MARTENS OLSON AND BEAR LLP**
2040 Main Street, 14th Floor
Irvine, California 92614
Telephone: (949) 760-0404
Facsimile: (949)760-9502
Irfan.Lateef@knobbe.com
Matthew.Pham@knobbe.com

*Attorney for Defendant, Sound United, LLC*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| Patent Armory Inc., <br><br> Plaintiff, <br><br> v. <br><br> Sound United, LLC <br><br> Defendant. | C.A. No.: 2:23-cv-04379 (EP)(MAH) |

## SOUND UNITED, LLC'S ANSWER TO COMPLAINT, DEFENSES AND COUNTERCLAIMS

Defendant Sound United, LLC ("Sound United" or "Defendant"), through their undersigned counsel, hereby answers and otherwise responds to the Complaint (D.E. 1) of Plaintiff Patent Armory Inc. ("Patent Armory" or "Plaintiff") as follows:

1. Sound United does not need to respond to Paragraph 1 of the Complaint because Paragraph 1 makes no allegations.

## THE PARTIES

2.  Sound United lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 2 of the Complaint, and on that basis denies those allegations.

3.  Sound United denies the allegations in Paragraph 3 of the Complaint. Sound United is a limited liability company organized and existing under the laws of Delaware with an established place of business at 52 Discovery, Irvine, California 92618.

## JURISDICTION

4.  Sound United admits the allegations in Paragraph 4 of the Complaint.

5.  Sound United admits the allegations in Paragraph 5 of the Complaint.

6.  Sound United admits that it is subject to personal jurisdiction in this Court and denies the remaining allegations in Paragraph 6 of the Complaint.

## VENUE

7.  Sound United denies that venue is proper in this Court, and venue would be proper in the districts corresponding to the locations listed in Paragraph 3 of the Answer. Sound United denies the remaining allegations in Paragraph 7 of the Complaint.

## PATENT-IN-SUIT

8.  Sound United lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 8 of the Complaint, and on that basis denies those allegations.

## THE '430 PATENT

9.  Sound United admits that U.S. Patent No. 7,130,430 (the "'430 Patent") lists on its face the title "PHASED ARRAY SOUND SYSTEM," and an issue date of October 31, 2006. Sound United also admits that the '430 Patent lists on its face that the '430 Patent claims priority to an application filed on December 18, 2001. Sound United lacks knowledge and information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 9 of the Complaint, and on that basis denies those allegations.

## COUNT 1: INFRINGEMENT OF THE '430 PATENT

10. Sound United repeats and incorporates here by reference its responses to the allegations in preceding Paragraphs 1-9.

11. Sound United denies the allegations in Paragraph 11 of the Complaint.

12. Sound United denies the allegations in Paragraph 12 of the Complaint.

13. Sound United denies the allegations in Paragraph 13 of the Complaint.

14. Sound United denies the allegations in Paragraph 14 of the Complaint.

15. Sound United denies the allegations in Paragraph 15 of the Complaint.

16. To the extent Paragraph 16 of the Complaint alleges Sound United practices the '430 Patent, Sound United denies those allegations. Sound United lacks knowledge and information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 16 of the Complaint, and on that basis denies those allegations.

17. Sound United does not need to respond to Paragraph 17 of the Complaint because Paragraph 17 makes no allegations.

18. Sound United denies the allegations in Paragraph 18 of the Complaint.

## JURY DEMAND

19. Sound United does not need to respond to Paragraph 19 of the Complaint because Paragraph 19 makes no allegations.

## RESPONSE TO PRAYER FOR RELIEF

20. Sound United denies that Plaintiff is entitled to any of the relief enumerated in the Complaint and to any relief whatsoever.

## DEFENSES

Without assuming any burden that it would not otherwise have, including without admitting or acknowledging that it bears the burden of proof as to any of the defenses denominated herein, Sound United asserts the following defenses. Sound United reserves the right to amend its Answer as further information becomes available.

## FIRST DEFENSE

### (Noninfringement of the '430 Patent)

Sound United does not infringe and has not infringed either directly or indirectly any valid and enforceable claim of the '430 Patent either literally or under the doctrine of equivalents. For example, none of the Exemplary Defendant Products listed in Exhibit 2 of the Complaint are systems for producing localized regions of sound.

## SECOND DEFENSE

### (Invalidity of the '430 Patent)

The claims of the '430 Patent are invalid for failure to satisfy one or more of the requisite Conditions of Patentability set forth in Title 35 of the United States Code, including, without limitation §§ 101, 102, 103, 112 and/or in view of the defenses recognized in 35 U.S.C. § 282(b), and the rules, regulations, and laws pertaining thereto.

## THIRD DEFENSE

### (Prosecution History Estoppel)

By reason of the proceedings in the United States Patent and Trademark Office during the prosecution of the application that resulted in issuance of the '430 Patent, as shown by the prosecution history thereof, Plaintiff is estopped from maintaining that one or more claims of the '430 Patent covers any of the Exemplary Defendant Products listed in Exhibit 2 of the Complaint.

## FOURTH DEFENSE

### (Failure to State a Claim)

Plaintiff's Complaint fails to state a claim upon which relief can be granted.

## FIFTH DEFENSE

### (Limitation on Damages Under 35 U.S.C. § 286)

Plaintiff's claim for damages is barred, in whole or in part, by the statutory limitations of 35 U.S.C. § 286.

## SIXTH DEFENSE

### (Limitation on Damages Under 35 U.S.C. § 287)

Plaintiff's claim for damages is barred, in whole or in part, by failure to comply with 35 U.S.C. § 287.

## SEVENTH DEFENSE

### (Limitation on Relief)

Plaintiff has not requested injunctive relief, and it cannot show that it is entitled an injunction against Sound United at least because there is an adequate remedy at law for Plaintiff's allegations, and/or Plaintiff's claims otherwise fail to meet the requirements for injunctive relief. Plaintiff's relief, if any, is limited to its Prayer for Relief in its Complaint.

## EIGHTH DEFENSE

### (Improper Venue)

Venue is improper. Sound United does not reside in this District and does not have an established place of business in this District. Sound United is a limited liability company organized and existing under the laws of Delaware with an established place of business 52 Discovery, Irvine, California 92618.

## RESERVATION OF RIGHTS TO ALLEGE OTHER DEFENSES

Sound United has insufficient knowledge or information to form a belief as to whether it may have yet unstated separate and additional defenses available. Sound United reserves the right to revise, supplement, or amend its Answer and Defenses, including reserving all defenses permitted under the Federal Rules of Civil Procedure, under the patent laws of the United States, and/or in equity, that may now exist or may in the future be available based on discovery and/or further investigation in this case.

## COUNTERCLAIMS

## THE PARTIES

1. Sound United is a Delaware limited liability company with a place of business at 52 Discovery, Irvine, California 92618.

2. As disclosed in Plaintiff's complaint, Plaintiff Patent Armory Inc. is a corporation organized and existing under the laws of Canada that maintains its principal place of business at 400-1565 Carling Ave., Ottawa, Ontario, Canada K1Z 8R1.

## JURISDICTION AND VENUE

3. These counterclaims arise under the patent laws of the United States, 35 U.S.C. § 100 *et seq.*, and the Declaratory Judgment Act 28, U.S.C. §§ 2201 and 2202.

4. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338.

5. Patent Armory is subject to personal jurisdiction in this district because, among other reasons, Patent Armory sued Sound United in this judicial district.

6. Venue is proper in this Judicial District because, among other reasons, Patent Armory sued Sound United in this judicial district for allegedly infringing U.S. Patent No. 7,130,430.

## FIRST COUNT

**(Declaratory Judgment of Noninfringement of the '430 Patent)**

7. Patent Armory contends that it owns the '430 Patent and that Sound United infringes and induces infringement of at least one or more claims of the '430 Patent by making, using, selling, offering to sell in the United States or importing into the United States the Exemplary Defendant Products listed in Exhibit 2 of the Complaint.

8. There exists an actual and justiciable controversy between Patent Armory and Sound United regarding whether Sound United has infringed or induced infringement of one or more claims of the '430 Patent by making, using, selling, offering to sell in the United States, or importing into the United States the Exemplary Defendant Products, and this controversy is ripe for adjudication by this Court.

9. Sound United does not infringe any claims of the '430 Patent, either literally or under the doctrine of equivalents, at least because none of the Exemplary Defendant Products are systems for producing localized regions of sound.

10. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, Sound United requests a judicial determination that the sale, offer for sale, manufacture, importation, or use of the Exemplary Defendant Products do not infringe any valid and enforceable claim of the '430 Patent.

## SECOND COUNT

### (Declaratory Judgment of Invalidity of the '430 Patent)

11. Patent Armory contends that it owns the '430 Patent and that Sound United infringes and induces infringement of at least one or more claims of the '430 Patent by making, using, selling, offering to sell in the United States, or importing into the United States the Exemplary Defendant Products listed in Exhibit 2 of the Complaint.

12. There exists an actual and justiciable controversy between Patent Armory and Sound United regarding the invalidity of one or more claims of the '430 Patent, and this controversy is ripe for adjudication by this Court.

13. One or more claims of the '430 Patent are invalid for failure to comply with one or more of the conditions and requirements of patentability that are set forth in 35 U.S.C. §§ 101, 102, 103, and/or 112, and the rules, regulations, and laws pertaining thereto.

14. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, Sound United requests a judicial declaration that one or more claims of the '430 Patent are invalid.

## PRAYER FOR RELIEF

WHEREFORE, Sound United prays for the following relief:

1. A jury trial on all issues so triable;
2. That Patent Armory take nothing by this action;
3. That judgment be entered in favor of Sound United and against Patent Armory;
4. That all claims against Sound United be dismissed with prejudice and that all relief requested by Patent Armory be denied;
5. That a judgment be entered that Sound United has not and does not infringe (either literally or under the doctrine of equivalents) any claim of the '430 Patent;

6. That a judgment be entered declaring the claims of the '430 Patent invalid;

7. That a judgment be entered declaring that it is the right of Sound United to continue to make, use, sell, and offer to sell any of the "Exemplary Defendant Products" without any threat or other interference by Patent Armory;

8. A finding that this is an exceptional case and an award of reasonable attorneys' fees and non-taxable costs be granted to Sound United, pursuant to 35 U.S.C. § 285;

9. Prejudgment interest and costs; and

10. Such other and further relief as the Court may deem just and proper.

Respectfully submitted,

Dated: October 23, 2023

By: *s/ Gregory D. Miller*
Gregory D. Miller
Timothy P. Gonzalez
**RIVKIN RADLER LLP**
25 Main Street
Court Plaza North, Suite 501
Hackensack, New Jersey 07601
Telephone: (201) 287-2460
Facsimile: (201) 489-0495
Gregory.Miller@rivkin.com
Timothy.Gonzalez@rivkin.com

Of Counsel:

Irfan A. Lateef (admitted *pro hac vice*)
Matthew Pham (admitted *pro hac vice*)
**KNOBBE, MARTENS, OLSON & BEAR, LLP**
2040 Main Street, Fourteenth Floor
Irvine, California  92614
Telephone: (949) 760-0404
Facsimile: (949) 760-9502
Irfan.Lateef@knobbe.com
Steve.Jensen@knobbe.com

*Attorneys for Defendant, Sound United, LLC*

## **LOCAL RULE 11.2 CERTIFICATION**

      The undersigned hereby certifies, pursuant to Local Civil Rule 11.2, that with respect to the matter in controversy herein, neither Defendant nor Defendant's attorneys are aware of any other action pending in any court, or any pending arbitration or administrative proceeding, to which this matter is subject.

Dated: October 23, 2023

                                                        *s/ Gregory D. Miller*
                                                        Gregory D. Miller

## LOCAL CIVIL RULE 201.1 CERTIFICATION

I hereby certify that the above-captioned matter is not subject to compulsory arbitration in that the plaintiff seeks, *inter alia*, equitable relief in its Complaint.

I hereby certify under penalty of perjury that the foregoing is true and correct.

Dated: October 23, 2023

                                                *s/ Gregory D. Miller*
                                                Gregory D. Miller

## CERTIFICATE OF SERVICE

I hereby certify that on October 23, 2023, a copy of the foregoing document was filed electronically with the Clerk of the Court using CM/ECF, which will send notification of such filing via electronic mail to all registered participants.

Dated: October 23, 2023

                                                                                  *s/ Gregory D. Miller*
                                                                                     Gregory D. Miller